IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VELINA M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-493-WKW-SRW |
| | ) [WO] |
| INLAND RESIDENTIAL REAL | ) |
| ESTATE SERVICES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court are Plaintiff's objection to the order referring this case to the magistrate judge under 28 U.S.C. § 636. (Doc. # 27.) Also before the court is Plaintiff's *pro se* motion to recuse. (Doc. # 17.) The motion to recuse is construed liberally as containing a request for recusal or disqualification of the assigned judges pursuant to 28 U.S.C. §§ 144 and 455.

First, Plaintiff objects to the referral of her case to the magistrate judge. 28 U.S.C. § 636(b)(1) permits a district judge to refer pretrial matters or dispositive matters for recommendations, and the referral does not require the plaintiff's consent. The objection to the referral lacks merit. Second, Plaintiff has not alleged any facts or submitted an affidavit demonstrating that the magistrate judge or the district judge assigned to her case harbors a "personal bias or prejudice" against her.

28 U.S.C. § 144. Third, Plaintiff has not shown that "a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned," as required to satisfy 28 U.S.C. § 455. *Hepperle v. Johnston*, 590 F.2d 609, 615 (5th Cir. 1979).[1]

For the foregoing reasons, it is ORDERED that Plaintiff's objection to the order referring this case to the magistrate judge under 28 U.S.C. § 636 (Doc. # 27) is OVERRULED and that Plaintiff's motion to recuse (Doc. # 17) is DENIED.

DONE this 28th day of April, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.