IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VELINA M. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:21-cv-493-WKW-CWB |
| INLAND RESIDENTIAL REAL ) | |
| ESTATE SERVICES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Velina M. Johnson, *pro se*, brought this case in the Circuit Court of Montgomery County, Alabama on June 28, 2021. (Doc. 1-7 at p. 7). Proceedings were timely removed to this court by all of the named defendants on July 22, 2021. (Doc. 1). On April 14, 2022, referral was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 26). Now before the court for resolution is Plaintiff's Motion for Emergency Preliminary Injunction. (Doc. 21). Upon consideration thereof, the undersigned recommends that the motion be denied.

**I.    Standard of Review**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court ... ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). However, the court may grant a preliminary injunction only when all of the following prerequisites have been established: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent issuance of the injunction; (3) threatened injury that outweighs the potential damage the injunction might cause the affected parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*,

707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks and citation omitted); *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). A moving party's failure to demonstrate any one of the required elements will defeat the claim, regardless of the party's ability to establish the remaining elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990).

**II.   Discussion**

After this case was removed, the court reviewed Plaintiff's state court filings and entered an Order construing "Plaintiff's *pro se* motion for emergency hearing (Doc. # 1-2) and *pro se* motion for expedited hearing (Doc. # 1-3) … as a motion for a temporary restraining order ("TRO") and a motion for preliminary injunction." (Doc. 4 at p. 1). The court then denied the TRO, stating:

> "[T]he elements that apply to a motion for preliminary injunction also govern the issuance of a TRO. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [the movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999) (alterations added). The movant bears the burden of establishing entitlement to a TRO. *See Parker*, 275 F.3d at 1034.
>
> Plaintiff falls short of meeting the prerequisites for the exceptional remedy of a TRO. First, the allegations are not sworn or verified. *See* Fed. R. Civ. P. 65(b)(1)(A). Second, Plaintiff has not demonstrated that a TRO is necessary to prevent immediate and irreparable injury before Defendants can be heard in opposition. Indeed, Plaintiff knew about the Non-Renewal Notice on May 18, 2021—forty-four days before she chose to seek emergency relief in state court. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a [TRO] of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm.") (alteration added). Third, there is no written certification of Plaintiffs' efforts to provide notice to Defendants. Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974) ("The stringent restrictions imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." (internal footnote omitted)). In addition to these procedural shortcomings, Plaintiff has not demonstrated a substantial likelihood of success on the merits. *See Tefel*, 180 F.3d at 1295.

(Doc. 4 at pp. 3-4).

On January 12, 2022, Plaintiff filed a Notice of Voluntary Dismissal (Doc. 18) and the case was closed by Order entered on January 13, 2022 (Doc. 19). On March 23, 2022, Plaintiff filed a motion to reopen the case (Doc. 20), along with a Motion for Emergency Preliminary Injunction seeking "a preliminary injunction to stay eviction proceeding until factual details surrounding the eviction can he heard by the court." (*See* Doc. 21 at p. 4). Plaintiff has since filed an Amended Complaint stating that she was evicted on April 17, 2022. (Doc. 35 at p. 12, ¶ 6). The undersigned further notes that Plaintiff previously received notification from the U.S. Department of Housing and Urban Development stating in pertinent part that "[b]ased on the evidence obtained

during the investigation, HUD has determined that no reasonable cause exists to believe that a discriminatory housing practice has occurred." (Doc. 1-11 at p. 2).

Simply put, nothing has changed since the court denied the TRO after applying the same factors that govern the consideration of a preliminary injuction—except that Plaintiff is no longer residing in the subject property. (*See* Doc. 35 at p. 12). Because Plaintiff has not met her burden of production as to all four requisites for obtaining injunctive relief, including a substantial likelihood of success on the merits, the Motion for Emergency Preliminary Injunction (Doc. 21) should be denied. Moreover, because Plaintiff is no longer residing in the subject property, the Motion for Emergency Preliminary Injunction (Doc. 21) alternatively should be denied on the basis that it has become moot.

## III.  Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's Motion for Emergency Preliminary Injunction (Doc. 21) be **DENIED**.

It is **ORDERED** that any objections to this Recommendation must be filed no later than March 30, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this 16th day of March 2023.

/s/ Chad W. Bryan
_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**