IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VELINA M. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:21-cv-493-WKW-CWB |
| INLAND RESIDENTIAL REAL ) | |
| ESTATE SERVICES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Velina M. Johnson, *pro se*, filed this action in the Circuit Court of Montgomery County, Alabama on June 28, 2021. (Doc. 1-7 at p. 7). The action was timely removed to this court by all of the named defendants on July 22, 2021. (Doc. 1). On April 14, 2022, referral was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 26). Now ripe for resolution is a Motion to Dismiss Amended Complaint (Doc. 38). It is the recommendation of the Magistrate Judge that the motion be granted.

**I.     Introduction**

After this action was removed to federal court, Plaintiff filed a Motion to Remand (Doc. 9) on the basis that she had filed an accompanying Motion to Amend Claims (Doc. 10) that sought to omit from the Complaint all federal causes of action. Plaintiff thereafter filed a Motion to Correct Clerical Errors (Doc. 13) wherein she continued to assert that remand would be appropriate once her Motion to Amend Claims (Doc. 10) was granted. While those motions were pending, however, Plaintiff filed a Motion to Withdraw Motion to Remand (Doc. 23) and identified therein one or more additional federal causes of action that she intended to assert. Plaintiff simultaneously filed an Amended Motion to Amend Claims (Doc. 24) in that regard.

1

By Order entered December 27, 2022 (Doc. 29), the court allowed Plaintiff to amend her Complaint. In affording an opportunity to replead, the court specifically informed Plaintiff that she "must comply with the requirements set forth in the Federal Rules of Civil Procedure." (*Id*. at p. 3). The court further cautioned Plaintiff that she "should be mindful of the prohibition against 'shotgun pleadings'" (*Id*. at p. 4) and provided detailed explanations as to the types of impermissible "shotgun pleadings." In its concluding section, the December 27, 2022 Order thus specifically directed Plaintiff to file an Amended Complaint meeting the following requirements:

   a. the Amended Complaint must include a short and plain statement of Plaintiff's claims specifically identifying any federal, state, or local laws under which her claims arise and avoiding conclusory, vague, ambiguous, or repetitious recitations of facts;

   b. the Amended Complaint must contain specific factual allegations about each defendant's conduct (*i.e.*, what actions did each defendant take that constitute the claims(s) being alleged by Plaintiff), clearly indicating which specific factual allegations provide support for which of Plaintiff's claim(s) against which of the defendants (*i.e.,* Plaintiff may not assert claims against "all defendants" without identifying specific factual allegations against each defendant involved);

   c. the Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

   d. the Amended Complaint must contain a demand for relief; and

   e. the Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claim(s) for relief.

(*Id*. at p. 5). Although Plaintiff did file a more detailed Amended Complaint (Doc. 35), the undersigned Magistrate Judge nonetheless finds that the Amended Complaint fails to comply with the Federal Rules of Civil Procedure and the directives provided by the December 27, 2022 Order (Doc. 29).

**II.     Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss an action for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In order to survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Yet a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, a *pro se* litigant must comply with the Rule 8 requirement to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

**III.    Discussion**

As best as can be ascertained from the facts pleaded in the Amended Complaint, Plaintiff entered into a lease with Montgomery Multifamily LeaseCo, LLC[1] for an apartment at Taylor Oaks Circle in Montgomery, Alabama.[2] (Doc. 35-4). Despite voluminous allegations and exhibits, no coherent timeline of relevant events can be discerned from the Amended Complaint, and the confusing and rambling facts contained in the Amended Complaint fail to satisfy the pleading requirements of the Federal Rules of Civil Procedure—in no small part because the salient facts are obscured by immaterial facts and omissions of dates and other critical information. Each of Plaintiff's claims will be addressed in turn.[3]

**A.    Claim 1**

Plaintiff's first claim lists "Breach of Contract, Negligence, [and] Bad Faith"—conflating three distinct causes of action under one heading. (Doc. 35 at p. 4). At the end of the Claim 1 section, Plaintiff lists pages of exhibits and state law statutes. (*Id.* at pp. 7-13). Plaintiff then appears to add a section claiming "Fraud." (*Id.*). However, none of the statutes cited by Plaintiff deal with the causes of action in the heading, *i.e.*, breach of contract, negligence, or bad faith. Nor do they relate to claims for fraud. The 18 numbered paragraphs under Claim 1 cannot individually or in the aggregate be considered compliant with the Rule 8 requirement to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);

---

[1] Plaintiff attached one page of an "Apartment Lease Contract" dated June 1, 2020 to her Amended Complaint. (Doc. 35-4). The attached page reflects that it is one of seven pages, but the other pages were not included as attachments. It appears from the attached page that the lease names "Montgomery Multifamily LeaseCo, L.L.C." as the "owner" of the property and names "IRRES, LLC" as the "management company authorized to act on our behalf." (*Id.*).

[2] Plaintiff states elsewhere in the Amended Complaint that she "moved to the property approximately May of 2016." (Doc. 35 at p. 15, ¶ 23).

[3] Plaintiff's Amended Complaint groups four "claims" under the heading of "Allegations of Fact." (Doc. 35 at pp. 4, 13, 19, and 23).

*see also Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.").

    **B.    Claim 2**

Claim 2 is designated as "Harassment." (Doc. 35 at p. 13). Liberally construed, Claim 2 contains a series of disjointed allegations such as the defendants' spending "considerable amounts of time in close range to Ms. Johnson's apartment and the vacant unit directly above her" (Doc. 35 at p. 13, ¶ 2), new residents moving in (*id.* at ¶ 9), leaving an apartment unrented (*id.* at ¶ 10), her food disappearing (*id.* at ¶ 13), unknown persons knocking over a trash can outside her apartment (*id.* at ¶ 19), and residents in other apartments washing clothes at 2:00 a.m. (*id.* at ¶ 22). Plaintiff again lists various statutes and regulations.

The only federal authority listed in support of Claim 2 that mentions "harassment" is quid pro quo and hostile environment harassment pursuant to 24 C.F.R. § 100.600. However, that regulation prohibits "harassment because of race, color, religion, sex, familial status, national origin or handicap." *Id.* At no point in the Amended Complaint does Plaintiff allege that she was harassed on any such prohibited basis. Equally problematic is that Plaintiff does not state which, if any, of the defendants engaged in conduct that might arguably rise to the level of harassment. *See Cole v. United States,* 846 F.2d 1290, 1293 (11th Cir. 1988) (labeling as a shotgun pleading a complaint that set forth, in one count, "every act, [regardless of which defendant committed the act], which, in the pleader's mind, may have had a causal relationship to the [injury]").

    **C.    Claim 3**

The Amended Complaint designates Claim 3 as "Retaliatory Eviction." (Doc. 35 at p. 19). "To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a

protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644 (11th Cir. 2015) (*quoting Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)).  The only fact contained in Claim 3 that approaches the necessary elements is an allegation that one of the defendants "informed the Plaintiff that she was instructed to inform [Plaintiff] that she could no longer call the leasing office and that all communications to the leasing office were to be by electronic mail only while the federal investigation was ongoing." (Doc. 35 at p. 21, ¶ 18).  Claim 3 does not state what protected activity Plaintiff engaged in, or that Plaintiff was evicted after engaging in a protected activity, or that there is a causal link between those actions.  *See Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997) (describing the complaint at issue as "a rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"); *see also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1359 n. 9 (11th Cir.1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"). The only date mentioned in Claim 3 is that "IRRES, LLC has been the property management owner of VTO since approximately 2019." (*Id.* at ¶ 11).  Moreover, as pleaded, it is impossible to know which of the defendants are alleged to have engaged in any acts that might rise to the level of prohibited retaliatory eviction.  *See Ebrahimi v. City of Huntsville Bd. of Educ.,* 114 F.3d 162, 164 (11th Cir.1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'").

### D.     Claim 4

The Amended Complaint lists "Malicious Prosecution, Bad Faith" as the heading of Claim 4, and references "Malicious Prosecution, Abuse of Process, Bad Faith" at the end. (*See* Doc. 35 at pp. 23, 26).   Like the three claims before it, Claim 4 suffers from almost every symptom of a shotgun pleading that the Eleventh Circuit has identified.  Claim 4 lists multiple, unrelated causes of action in one claim.  *See Cesnik v. Edgewood Baptist Church,* 88 F.3d 902, 905 (11th Cir.1996) (characterizing as a shotgun pleading a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts").  And despite naming numerous defendants in the facts, it is impossible to tell which claims Plaintiff intends to allege against any defendant. *See Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *see also Anderson v. District Bd. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996) (complaint was "perfect example of 'shotgun' pleading in that it [was] virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief").

### IV.     Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the pending Motion to Dismiss Amended Complaint (Doc. 38) be **GRANTED** and that the Amended Complaint (Doc. 35) be **DISMISSED** without prejudice.[4]

---

[4] The Amended Complaint does not contain sufficient facts to invoke diversity jurisdiction. To the extent the Amended Complaint potentially could be construed as containing any state law claims, the Magistrate Judge recommends that the court decline to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).

The Magistrate Judge further **RECOMMENDS** that, upon adoption of the above Recommendation, the following filings be **DENIED AS MOOT**:

- Plaintiff's Motion to Join Defendant Parties U.S. Department of Housing and Urban Development, Montgomery Multifamily, LLC, and Montgomery Multifamily Exchange, LLC (Doc. 34);

- Plaintiff's Motion to Withdraw Jury Demand (Doc. 36); and

- Plaintiff's Request to the Court for Administrative Corrections to Defendant Information Appearing on the Court Docket (Doc. 37).

It is **ORDERED** that any objections to this Recommendation must be filed no later than July 7, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this 23rd day of June 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**